IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Rebecca F.,[*] | ) | Case No. 6:25-cv-03526-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **<u>OPINION AND ORDER</u>** |
| | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on an action brought by Plaintiff pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) and to obtain judicial review of a final decision of the Commissioner of Social Security Administration (the "Commissioner") denying Plaintiff's claims for disability insurance benefits and supplemental security income under the Social Security Act. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings.

On June 5, 2026, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the Commissioner's decision be reversed and remanded. [Doc. 18.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id.* at 11.] The parties have filed no objections and the time to do so has lapsed.

---

[*] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

The Court has reviewed the record in this case, the applicable law, and the Report of the Magistrate Judge for clear error. Having done so, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, the decision of the Commissioner is REVERSED pursuant to sentence four of 42 U.S.C. § 405(g) and this matter is REMANDED to the Commissioner for further proceedings in accordance with the Report.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

July 7, 2026
Greenville, South Carolina